OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On December 8, 1961 claimant entered into a contract with the State of New York for the reconstruction of certain highways in Queens County. One of the thoroughfares ran through the site of the 1964 World’s Fair and among the structures to be worked upon were three pedestrian overpasses serving World’s Fair facilities. The area of performance was urban and heavily trafficked. Bidders had been advised that there might be delays or interference in the work and that it might not be possible to perform in the most efficient or orderly manner. An October 30, 1963 completion date was set.
In early 1962, claimant fell behind its own schedule and in the spring the State urged that claimant commence work on the main interchange which was a key to shifting traffic at one point in construction. In the summer, also of that year, *692 when claimant continued to be behind and was not achieving the percentage of work necessary to finish the project on time, the State directed claimant to augment its work force so as to meet the date set by contract. In July, the State Department of Public Works met with various contractors on World’s Fair highway projects, including claimant, advising them that their highway work must be completed for the Fair’s opening in 1964. At a meeting at the end of August, the department informed claimant that no extensions would be granted. The task was not completed by the agreed upon date and four extensions of time totaling over 10 months from that date actually were granted by the State. Substantial completion of the project was attained on December 31, 1963 when it was opened to traffic, the last work was done by claimant on September 14, 1964 and the State accepted the undertaking by letter of October 29, 1964.
Claimant filed a claim, consisting of 39 "causes of action”, in which it asked over seven million dollars in damages. The first cause, for money due on a conceded balance, was severed and reduced to judgment under which interest on the severed cause was reserved to this claim. The second was for breach of the over-all contract and sought cost damages of over six and one-half million dollars on a quantum meruit basis. The third and subsequent causes were pleaded in the alternative to the second, asserting various allegations of breach of contract by the State and seeking damages for different items of contract performance.
Following trial before one Judge of the Court of Claims, the claim was referred by stipulation to another member of said court for decision. That court found that the State primarily contributed to the delay by forcing claimant to progress the project out of sequence, that the State interfered with claimant’s work by refusing an extension of time and that such interference was a breach of contract. The second cause was dismissed because the court was unwilling to accept the proof of damages. Most of the separate claims were allowed and claimant was awarded, besides interest on the first cause, $2,888,026.60 for all damages, with statutory interest.
The Appellate Division modified by reducing the award, aside from the award for interest on the first cause, to $59,043.59, with appropriate interest. The findings of the Court of Claims that the State was guilty of breach of contract because of inordinate delays which entitled claimant by the *693 summer of 1962 to an extension of an additional construction season and that the State’s failure to grant an extension was an improper interference with claimant’s contract were set aside. New findings were made that the State was not guilty of a breach of contract as it did not cause claimant undue delays, that some delays experienced by claimant were caused by its own ineptness and inexperience in road construction. Other delays were inherent in the complex project assumed by claimant under the contract terms and were occasioned by third parties for whom the State was not responsible.
Essentially, the dispute was factual in nature and the courts which have passed upon the matter have resolved the factual issues differently. We opt for the findings and determination arrived at by the Appellate Division for the reasons stated in its opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.